UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14200-CIV-MARTINEZ
MAGISTRATE JUDGE P. A. WHITE

TIMOTHY STIDHUM,                    :

     Plaintiff,                   :

v.                                  :              REPORT OF
                                                   MAGISTRATE JUDGE

WALTER MCNEIL, et al               :

     Defendants.                  :
_____

I.   Introduction

This Cause is before the Court before the pro se civil rights suit filed pursuant to 42 U.S.C. §1983 by Timothy Stidhum. The plaintiff, confined in Martin Correctional Institution, Florida, is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

II.   Analysis

A.   Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\*   \*   \*

        (e)(2) Notwithstanding any filing fee, or
any portion thereof, that may have been paid,
the court shall dismiss the case at any time
if the court determines that –

                *    *    *

        (B) the action or appeal –

                *    *    *

        (i)  is frivolous or malicious;

        (ii) fails to state a claim on which
relief may be granted; or

        (iii) seeks monetary relief from a
defendant who is immune from such
relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,

325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). <u>Twombly</u> applies to §1983 prisoner actions.  <u>See Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names Walter McNeil, Secretary of the Department of Corrections, Thomas Reid, Warden at Martin Correctional and Devere Inman, Assistant Warden of Programs at Martin Correctional as defendants. The plaintiff alleges that he has endured unconstitutional conditions of confinement. He alleges specifically that on June 30, 2009, Martin CI issued a memorandum stating that the drinking water system was in violation of the maximum contaminant level (MCL) for the toxic substances of Trihalomethanes and Haloacetic acids. The memo proffered that the MCL level was not an immediate risk, but could pose a risk of serious damage to the plaintiff's future health, and may increase his risk of cancer. He seeks an injunction ordering the defendants to provide an alternative water source and monetary damages.

A.   Claims Concerning Conditions of Confinement

The plaintiff raises a claim of unsafe drinking water, which could lead to future illness, and which has exacerbated an ulcer he was diagnosed with in 2000.

The unnecessary and wanton infliction of pain rises to the level of cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312 (1986). To state a claim for relief, a plaintiff must allege the official was subjectively aware that a substantial risk of serious harm existed and the official did not respond reasonably to

_____

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

the risk. Farmer v. Brennan, 511 U.S. 825 (1994)(("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). A plaintiff must also show that the alleged constitutional violation caused his injuries.[2] The plaintiff must also allege that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

This claim was raised in Case no. 09-14403-Civ-Moore, by another inmate at Martin CI. The case was dismissed, and the Eleventh Circuit Court of Appeals dismissed the Appeal as frivolous on July 26,2010.

The Court takes judicial notice that the plaintiff in Case no. 09-14403-Civ Moore included a copy of the  the memorandums written by the Institution. On June 30, 2009, the memo stated that Martin CI was aware that the water system violated a drinking water standard. It stated that the inmates did not need to use an alternative, ie., bottled water supply, unless the inmate had a specific health concern, in which case he should consult his doctor. The memorandum went on to state that the violation did not pose an immediate risk, but could pose a problem in the future if not corrected. Lastly, the memo indicated that the Florida Department of Corrections had completed a modification of the water

---

[2] The plaintiff is not a pre-trial detainee, and his claims are therefore analyzed under the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir. 1985).

treatment process to reduce the concentration of these parameters below their MCL, and placed the modified treatment process in service in June, 2009. Results of the analysis of samples collected for the next calendar quarter were expected to be below the MCL for both contaminants. A second memorandum, issued on September 30, 2009, indicated that the modified treatment process was put in place, and they were in the process of improving the treatments effectiveness.

The plaintiff in this case included a copy of his grievance and the Institution's response in 2010 stating that the institution was evaluating various methods for reducing the amount of disinfection byproducts (DBPs) produced by the disinfection of the raw water supply, and that if the efforts did not satisfactorily reduce the levels, other options would be evaluated.  It further stated that the presence of the elevated levels did not present an immediate health risk and to assure the inmate that the institution was taking proper steps to correct the situation. Bottled water from the canteen was available.

It appears both from the memorandums supplied to the Court in the prior case, and the response to the plaintiff's grievances, that the Department of Corrections and Martin Correctional Institution are aware of the problem and working on the solution. The plaintiff does not raise sufficient facts to show that any individual engaged in deliberate indifference, a requisite component to state a cognizable Eighth Amendment claim.   The plaintiff's complaint is premature, as it remains to be seen whether the problem can be fixed. At this state, the deprivation described in the complaint is far from the serious type of deprivations that would offend the Eighth Amendment.

The plaintiff states that he has had an ulcer for the past 10 years, and that the water level has exacerbated his condition. As stated in a prior memorandum, inmates with health risks were to be seen by a doctor. It is unclear whether the plaintiff is under medical care, and whether his symptoms are related to the level of DPL's in the water. If he has been refused medical treatment, or his medical treatment is inadequate, he may amend his complaint, demonstrating this issue. However, his claim against officers at Martin, who clearly are attempting to rectify the situation of the unhealthy drinking water, does not rise to an Eighth Amendment violation.

### III.   <u>Conclusion</u>

Based on the foregoing, it is recommended that:

1)   the complaint be dismissed, without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and

2)   the plaintiff be permitted to amend his complaint solely on the issue of denial of adequate medical treatment if this is the situation, naming all defendants responsible for the denial of care, on or before November 2, 2010.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 14th day of October, 2010.

_____

UNITED STATES MAGISTRATE JUDGE

cc:  Timothy Stidhum, Pro Se
     DC#095360
     Martin CI
     Address of record